# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

CARROLL HAMILTON                CIVIL ACTION NO.6:16-CV-1746
    LA. DOC #288645
VS.                                         SECTION P

                              JUDGE REBECCA F. DOHERTY

W.S. McCAIN                         MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

*Pro se* petitioner Carroll Hamilton ("Hamilton") filed the instant petition for federal *habeas corpus* relief on December 19, 2016. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana, where he is serving a twenty five year sentence imposed by the Fifteenth Judicial District Court for Lafayette, Louisiana, following his 2003 conviction for first degree robbery.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## LAW AND ANALYSIS

By this proceeding, Hamilton attacks his 2003 conviction and sentence imposed by the Fifteenth Judicial District Court for Lafayette Parish, Louisiana. This court's records demonstrate that Hamilton has filed a previous federal petition for writ of *habeas corpus* in which he attacked this same conviction and sentence. *Carroll Hamilton v. Lynn Coooper,*

*Warden,* No. 6:06-cv-0967 (W.D. La. 2006). Hamilton asserted a single claim for relief - "insufficient evidence to convict."

That petition was denied and dismissed with prejudice on December 6, 2006, pursuant to 28 U.S.C. § 2244(d)(1)(A), as his petition was not timely filed. *See Carroll Hamilton v. Lynn Cooper, Warden*, No. 6:06-cv-0967 at Rec. Doc. 8.

Nearly seven years later, on April 20, 2015, petitioner filed a second application for post-conviction relief in the Fifteenth Judicial District Court, arguing that his 2003 jury trial waiver was "involuntary, not knowingly, nor intelligently, but in total contravention of the Sixth Amendment of the United States." He argued that he was unable to obtain new facts/evidence until February 28, 2014.[1] *See* Rec. Doc. 5, p. 3, ¶ 11; p. 6, ¶12(c).

Hamilton filed the instant petition for federal *habeas corpus* relief on December 19, 2016. In this petition, Hamilton again seeks to attack his 2003 conviction and sentence. He argues that his jury trial waiver on May 13, 2003 was involuntary based on facts he was unable to obtain until 2014. [Rec. Doc. 5, pp. 5-6]

This is Hamilton's second attempt in this court to collaterally attack, his Louisiana state court conviction for first degree robbery. This petition is unquestionably a § 2254

---

[1]See *State ex rel. Carroll Hamilton v. State of Louisiana*, 2015–KH–1899, (11/29/16) 191 So.3d 582. The Court notes that his writ was denied as untimely filed pursuant to Louisiana Code of Criminal Procedure article 930.8, that relator failed to carry his burden to show that an exception applies. Accordingly, it appears that the petition is untimely filed and the claims are procedurally defaulted. However, in the absence of authorization by the Fifth Circuit for this Court to consider the petition, that determination may not be made.

action which under 28 U.S.C. § 2244 is "second or successive".[2]

The petition attacks the same conviction and sentence that was the subject of Hamilton's previous petition. The claims raised here could have been raised in the previous petition. Moreover, while Hamilton's first petition for *habeas corpus* was dismissed with prejudice as time-barred, a *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir.2009).

Before a second or successive petition may be considered by this Court, Hamilton must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[3] The record does not show in this case that Hamilton has received such authorization. Until such time as Hamilton obtains said

---

[2]The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood* , 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.').

The Fifth Circuit has found that "an application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[3] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[4]  Accordingly;

**IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions

---

[4]Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred).  Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Lafayette, Louisiana, on April 17, 2017.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**